UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:09-cr-140-GFVT

UNITED STATES OF AMERICA,                                                                    PLAINTIFF,

V.                         **MAGISTRATE JUDGE'S RECOMMENDATION**

ALEX TODD WILLIAMS,                                                                            DEFENDANT.

On August 23, 2010, Alex Williams was sentenced to 140 months of imprisonment followed by six years of supervised release, after pleading guilty to conspiracy to distribute oxycodone following a previous drug felony conviction, and conspiracy to commit money laundering. His sentence was reduced on April 7, 2016, to a term of 132 months of imprisonment. On January 14, 2020, he was transferred to the custody of the Kentucky Department of Corrections from the Bureau of Prisons to begin service of a term of imprisonment for a state probation violation. He was released from his state confinement on March 1, 2024, and began his six-year term of federal supervision.

Barely three months later, he was arrested and charged with violating federal supervision due to possessing and using methamphetamine on June 13, 2024. He appeared for a final hearing before the undersigned on charges presented in the violation report dated June 26, 2024. At the final hearing, he admitted to possessing and using methamphetamine, as alleged in the violation report. In exchange for his admission to violations 1 and 2, the United States agreed to move to dismiss violation 3. Therefore, based upon the Defendant's testimony at the final hearing, the Court finds that he violated the following conditions of supervision:

**Violation #1:**

**Mandatory Condition #2:** You must not commit another federal, state or local crime. In this case, Williams' admission to using and possessing methamphetamine evidences a violation of the law, as use is equal to possession, and simple possession of methamphetamine constitutes a violation of 21 U.S.C. § 844(b), punishable by a term of imprisonment not to exceed two years (a Class E felony). This conduct constitutes a Grade B violation.

**Violation #2:**

**Mandatory Condition #3**: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. In this case, Williams' admission of possessing methamphetamine, a controlled substance, constitutes a Grade C Violation of his supervision.

The matter was then called for another Final Hearing on August 29, 2024, to address two new and additional charged violations of supervision detailed in a second violation report dated August 21, 2024. Williams was unwilling to stipulate to these newest violations, so the Court heard the testimony of Detective Robbie Duncan, with the Rowan County Sheriff's office. He detailed his efforts to investigate two separate thefts committed on a property located in Morehead, Kentucky. He reviewed security camera footage provided by the victim of the crimes regarding both events and identified Alex Williams as one of the perpetrators. During the first theft, Williams stole a Yamaha outboard motor worth more than $3000. During the second theft, Williams stole additional property including power tools, hand tools and two generators, valued in excess of $6000. This testimony is uncontradicted, and provides a factual basis to support a finding that Williams committed the following two additional violations of his supervision:

**Violation #1**:

**Supervised Release Condition**: The defendant shall not commit another federal, state or local crime. This alleged violation is due to the fact that on August 2, 2024, Williams was indicted in Rowan County, Kentucky for Theft by Unlawful Taking or

Disposition over $1000 in violation of KRS 514.030, which is a Class D Felony and punishable by a term of imprisonment of 1-5 years. This is a Grade B Violation.

**Violation #2**:

**Supervised Release Condition**: You must not commit another federal, state or local crime.
On August 2, 2024, Williams was indicted in Rowan County Kentucky for Burglary 2nd Degree in violation of KRS 511.030, which is a Class C Felony and punishable by a term of imprisonment of 5-10 years. This is a Grade B violation.

## RECOMMENDATION

As previously stated, that facts upon which the Court recommends finding that the Defendant committed violations 1 and 2 in the report of June 26, 2024, have been established by his own admission. Additionally, the facts supporting a finding that he committed violations 1 and 2 in the report dated August 21, 2024, have been established by a preponderance of the evidence based upon the uncontradicted testimony of Detective Robbie Duncan. Therefore, all violations have been proven by a preponderance of the evidence. Therefore,

IT IS RECOMMENDED:

(1) That the Defendant be found guilty of Violations 1 and 2 as alleged in the report dated June 26, 2024.

(2) That United States motion to dismiss Violation 3 alleged in the report dated June 26, 2024, be GRANTED and Violation #3 be DISMISSED.

(3) That the Defendant be found guilty of Violations 1 and 2 as alleged in the report dated August 21, 2024.

(4) That the Defendant should appear before the presiding judge for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within FOURTEEN (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749B50 (E.D. Ky. 2002). General objections or objections that require a judge=s interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party=s objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. ' 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed August 1, 2024.

Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge