UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 5:09-cr-00140-GFVT-EBA-2 |
| ) | |
| V. ) | |
| ) | |
| ALEX TODD WILLIAMS, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

*** *** *** ***

This matter is before the Court on two separate reports of alleged violations by Defendant Alex Williams of his supervised release conditions ("the June Report" and "the August Report"). Magistrate Judge Atkins held two separate final hearings on each report. He also issued two Recommended Dispositions—one for each report. [R. 202; R. 191.] Mr. Williams objected to the Judge Atkins's Disposition as to the June Report. [R. 192.] He did not object to the Disposition as to the August Report, which recommended that he appear before the undersigned for sentencing and allocution. This Court held an allocution hearing, during which it considered arguments relating to both Recommended Dispositions. For the reasons that follow, the Recommended Dispositions **[R. 202; R. 191]** will be **ADOPTED** and the Objection **[R. 192] OVERRULED.**

I

Judgment was originally entered against Mr. Williams in August of 2010, after he pled guilty to one count of conspiracy to commit money laundering and one count of conspiracy to

distribute oxycodone after a previous drug felony conviction.[1]  [R. 149.]  At that time, Judge Hood sentenced Mr. Williams to 140 months of imprisonment, followed by a 6-year term of supervised release.  *Id.*  Williams began his supervision on March 1, 2024.  His case was transferred to the undersigned on June 18, 2024.

On June 26, 2024, the United States Probation Office issued a Supervised Release Violation Report which initiated these proceedings.  Mr. Williams made his initial appearance on July 15, 2024, and was remanded to custody at that time.  [R. 187.]  The Report charged Mr. Williams with three violations, stemming from his possession of methamphetamine and DUI arrest.  *Id.*  Specifically, the Report alleges that Mr. Williams violated his conditions of supervision requiring him to refrain from unlawfully possessing controlled substances and/or committing another federal, state, or local crime.  *Id.*  Mr. Williams stipulated to Violations 1 and 2.  In exchange, the government agreed to move to dismiss the third Violation.

But shortly after Williams's final revocation hearing on July 24, 2024, a separate Violation Report issued.  That Report (the August Report) charged Williams with two Violations relating to the theft of property.  In particular, the August Report alleges that Mr. Williams was indicted in state court for theft and burglary, thereby violating the condition requiring him not to commit another federal, state, or local crime.

Judge Atkins issued two Recommended Dispositions.  His Disposition on the June 2024 Violations recommended that Williams be found guilty of Violations 1 and 2, that his supervision be revoked, and that he be sentenced to a term of 21 months of incarceration.  [R. 191.]  Judge Atkins's second Disposition on the August Violations recommended that Williams

---

[1] Judge Atkins's Recommended Dispositions accurately set forth a more detailed account of the factual and procedural background of the case.  [*See* R. 191; 202.]  In addition to what the Court summarizes in its discussion below, the Court incorporates Judge Atkins's discussion of the record into this Order.

2

be found guilty of both Violations. However, it did not provide a recommended term of incarceration.

The parties did not offer a jointly recommended sentence. At Williams's Allocution hearing, the United States argued for 21 to 24 months of imprisonment. Defense counsel disagreed, instead requesting 14 months incarceration, followed by inpatient rehabilitation. *Id.*

II

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive her rights to appeal. In order to receive *de novo* review by this Court, any objection must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Williams, through counsel, has objected to the recommended sentence. Specifically, he argues that Judge Atkins "focused too much on Mr. Williams' past criminal history" while giving short shrift to his need for inpatient rehabilitation and mental health treatment. [R. 192.] Although Williams argued for a 14-month sentence at the Allocution Hearing, his objection requests "a sentence of 90 days with the added conditions of immediately entering into an inpatient rehabilitation center and that he also be ordered to receive mental health counseling, including any [] use of any prescribed medication, to address his apparent mental

3

health issue." *Id.* Mr. Williams's objection is sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c).

At the Allocution Hearing in this matter, the Court heard argument from the United States and defense counsel. [R. 204.] Williams also exercised his right of allocution, wherein he chronicled his struggles with addiction while reiterating his desire to recover. At that conclusion of the hearing, this Court took the objection under advisement. *Id.*

On *de novo* review, the Court finds that Judge Atkins appropriately considered the 18 U.S.C. § 3553 factors in his Recommended Disposition. First, Judge Atkins noted that Defendant Williams's first supervised release violation occurred just three months after his release from federal incarceration. [R. 191 at 3.] Further, Judge Atkins considered Williams's "criminal history category of VI due to a variety of prior convictions for using or and/or possessing marijuana/controlled substances, failing to appear in court, violating probation and parole, and theft and burglary." *Id.* Judge Atkins also explained that Williams was in state custody from 2003 to 2008; and the conduct underlying his federal conviction began in 2008, shortly after his release. *Id.* Given this lengthy history, Judge Atkins determined that there was "nothing about the defendant's personal and criminal history, or the facts of his violation conduct, that should lead the Court to impose a sentence below the low end of the recommended guidelines." *Id.* at 4.

The Court has examined the record and arguments made during the allocation hearing. It agrees with Magistrate Judge Atkins's reasoning and recommended term of imprisonment and supervision. The Court sympathizes with Mr. Williams's struggles and his request for residential treatment. It will point out, however, that Mr. Williams has already been provided treatment opportunities from both the Bureau of Prisons and the United States Probation Office. While in

4

federal custody, he was determined to be unqualified for RDAP treatment.[2] However, he had the opportunity to participate in non-residential treatment (N-RDAP) and did not do so. He has also received assistance from the Probation Office, which contracted with Edgewater Recovery to provide Mr. Williams with outpatient treatment.

The Court is confident that Mr. Williams's desire to change is genuine. It also agrees that he would benefit from further treatment. Resources are available in federal custody, and the Court will recommend that he participate in RDAP or N-RDAP during his incarceration.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendant's Objections **[R. 192]** to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

2. Both of the Magistrate Judge's Reports and Recommendations **[R. 191; R. 202]** are **ADOPTED** as and for the Opinion of the Court;

3. Defendant Williams is found to have violated the terms of his Supervised Release as set forth in the Recommended Dispositions of the Magistrate Judge;

4. Mr. Williams's supervised release is **REVOKED**;

5. Mr. Williams is **SENTENCED** to the Custody of the Bureau of Prisons for a **twenty-one (21) month** term of imprisonment;

6. The Court **RECOMMENDS** that Mr. Williams participate in RDAP. If ineligible for RDAP, the Court **RECOMMENDS** that Williams participate in N-RDAP;

7. Following his release from incarceration, Mr. Williams is to resume his unexpired period of supervision under the conditions originally imposed.

---

[2] USPO advises that Williams was under state detainer during his time in federal custody. Though it's not entirely clear, this may be the reason why he was deemed "unqualified."

5

This the 17th day of October, 2024.

Gregory F. Van Tatenhove
United States District Judge